Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001388
15-APR-2015
11:09 AM

NO. CAAP-14-0001388

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PATRICK T. MASAOKA, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 14-1-0005; CRIMINAL NOS. 05-1-2738; 06-1-0675)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over the appeal that Petitioner-Appellant Patrick T.
Masaoka (Appellant Masaoka) has asserted from the Honorable
Steven S. Alm's November 3, 2014 order denying Appellant
Masaoka's petition for post-conviction relief pursuant to Rule 40
of the Hawai'i Rules of Penal Procedure (HRPP) because the appeal
is untimely under Rule 4(b) of the Hawai'i Rules of Appellate
Procedure (HRAP).

"[P]ursuant to HRAP Rule 4(b), an appeal from an order
denying post-conviction relief must either be filed within thirty
days after the entry of the order denying the HRPP Rule 40
petition or, in the alternative, after the announcement but
before the entry of the order." Grattafiori v. State, 79 Hawai'i
10, 13, 897 P.2d 937, 940 (1995). Under similar circumstances,
the Supreme Court of Hawai'i has held that, when a pro se
prisoner attempts to assert an appeal, the "notice of appeal is

deemed filed for purposes of Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a) on the day it is tendered to prison officials by a pro se prisoner." Setala v. J.C. Penney Company, 97 Hawai'i 484, 485, 40 P.3d 886, 887 (2002) (internal quotation marks omitted). In the instant case, HRAP Rule 4(b) provides the controlling time period for filing a notice of appeal rather than HRAP Rule 4(a), but the holding in Setala v. J.C. Penney Company applies to the instant case. Although the electronic date on Appellant Masaoka's notice of appeal is December 26, 2014, Appellant Masaoka appears to have tendered his notice of appeal to prison officials for mailing on December 10, 2014, and, thus, the controlling date is December 10, 2014. Nevertheless, contrary to the thirty-day time limitation under HRAP Rule 4(b)(1), Appellant Masaoka did not tender his December 10, 2014 notice of appeal within thirty days after entry of the November 3, 2014 order denying Appellant Masaoka's HRPP 40 petition for post-conviction relief. Therefore, Appellant Masaoka's appeal is not timely.

"In criminal cases, [the Supreme Court of Hawai'i] ha[s] made exceptions to the requirement that notices of appeal be timely filed." State v. Irvine, 88 Hawai'i 404, 407, 967 P.2d 236, 239 (1998). Specifically, the Supreme Court of Hawai'i has permitted belated appeals under two sets of circumstances:

> (1) [when] defense counsel has inexcusably or ineffectively failed to pursue a defendant's appeal from a criminal conviction in the fist instance, or (2) [when] the lower court's decision was unannounced and no notice of the entry of judgment was ever provided.

Grattafiori v. State, 79 Hawai'i at 13-14, 897 P.2d at 940-41 (citations omitted). These two exceptions do not apply to the instant case because (1) this case is not Appellant Masaoka's appeal from his criminal conviction in the first instance and (2) the circuit court clearly announced its decision by filing the November 3, 2014 order denying Appellant Masaoka's HRPP Rule 40 petition for post-conviction relief. Appellant Masaoka's appeal is not timely. "As a general rule, compliance with the requirement of the timely filing of a notice of appeal is

jurisdictional, . . . and we must dismiss an appeal on our motion if we lack jurisdiction." <u>Grattafiori v. State</u>, 79 Hawai'i at 13, 897 P.2d at 940 (citations, internal quotation marks, and brackets omitted); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001388 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in CAAP-14-0001388 are dismissed as moot.

DATED: Honolulu, Hawai'i, April 15, 2015.

Presiding Judge

Associate Judge

Associate Judge